Michele R. Stafford, Esq. (SBN 172509)
George R. Nemiroff (SBN 262058)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, California 94104
Telephone: (415) 882-7900
Facsimile: (415) 882-9287
Email: mstafford@sjlawcorp.com
Email: gnemiroff@sjlawcorp.com

Attorneys for Plaintiffs, Operating Engineers' Health
and Welfare Trust Fund For Northern California, et al.

David C. Johnston (SBN 71367)
Attorney at Law
1600 G Street, Suite 102
Modesto, California 95354
Telephone: (209) 579-1150
Facsimile: (209) 579-9420
Email: david@johnstonbusinesslaw.com

Attorney for Defendant Central Valley Construction, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPERATING ENGINEERS' HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CENTRAL VALLEY CONSTRUCTION, INC., a California corporation;<br><br>Defendant. | Case No.: 17-cv-02365-KAW<br><br>**JOINT REQUEST TO CONTINUE CASE MANAGEMENT CONFERENCE OR, IN THE ALTERNATIVE, REQUEST FOR TELEPHONIC APPEARANCE; [PROPOSED] ORDER THEREON**<br>AS MODIFIED<br>Date: Tuesday, March 6, 2018<br>Time: 1:30 p.m.<br>Ctrm: 4, Third Floor<br>1301 Clay Street<br>Oakland, California<br>Judge: Hon. Magistrate Judge<br>Kandis A. Westmore |

Plaintiffs Operating Engineers' Health and Wealth Trust Fund, et al. and Defendant Central Valley Construction, Inc. (collectively, "the Parties") respectfully request that the Case Management Conference, currently on calendar for March 6, 2018, be continued for approximately sixty to ninety

1

(60-90) days. Good cause exists for the granting of the continuance, as follows:

1. As the Court's records will reflect, this action was filed on April 26, 2017 (Dkt. #1). Defendant was personally served on May 4, 2017, and a Proof of Service of Summons was filed with the Court on May 25, 2017 (Dkt. #9). Defendant has retained counsel and counsel for Defendant filed an Answer to Complaint (Dkt. #8).

2. Defendant's counsel has contacted Plaintiffs' counsel and the parties are currently working to resolve this matter without the need for further litigation. The parties filed an ADR stipulation agreeing to proceed to mediation. (Dkt. #13).

3. On July 17, 2017, the Court issued an Order ("Order") referring this matter to mediation (Dkt. #14).

4. On August 15, 2017, the Court issued a Notice appointing Geoffrey White as mediator (Dkt. #17).

5. On August 28, 2017, the parties participated in a pre-mediation conference call with Mr. White whereby the participants concluded that a mediation date would be set after the parities had a further opportunity to meet and confer.

6. The parties' efforts were successful as Defendant contacted Plaintiffs' auditors and scheduled an audit appointment for October 26, 2017. The employer thereafter complied by having the audit appointment and providing the auditors with documentation necessary to proceed with the audit.

7. The parties have been in continued communication throughout the audit process. However, Plaintiffs have been informed by the auditors that to date additional documents remain outstanding and the parties are meeting and conferring regarding their production. Compliance by Defendants is anticipated. Upon receipt of said documents, the auditors will require additional time to review the information and incorporated it into their audit report.

8. There are no issues that need to be addressed by the parties at the currently scheduled Case Management Conference. In the interest of conserving costs, as well as the Court's time and resources, the Parties respectfully request that the upcoming Case Management Conference be continued for approximately sixty to ninety (60-90) days, or until after the mediation has taken place (Dkt. #21), to

2

**JOINT REQUEST TO CONTINUE CASE MANAGEMENT CONFERENCE; [PROPOSED] ORDER THEREON**
C:\Users\IMBRIA~1\AppData\Local\Temp\notes06E812\Request to Continue CMC_22718.docx  **Case No.: 17-cv-02365-KAW**

1 allow sufficient time to informally attempt to resolve the matter; if Plaintiffs cannot obtain the outstanding documents, they will reinitiate the mediation process if the matter cannot be informally resolved.

9. In the alternative, Plaintiffs request that they may appear at the hearing telephonically. As attorneys' fees and costs are "out of pocket," Plaintiffs are attempting to keep fees (and thus the Trust Funds' loss) at a minimum.

Executed this 27th day of February 2018 at San Francisco, California.

SALTZMAN & JOHNSON LAW CORPORATION

By: /S/
George R. Nemiroff
Attorneys for Plaintiffs, Operating Engineers' Health and Welfare Trust Fund For Northern California, et al.

DAVID C. JOHNSTON, ATTORNEY AT LAW

/S/
David C. Johnston
Attorney for Defendant, Central Valley Construction

IT IS SO ORDERED.

The currently set Case Management Conference is hereby continued to ___June 5, 2018___ at __1:30 p.m.__, and all previously set deadlines and dates related to this case are continued accordingly. The joint case management statement is due by 5/29/18. ~~or, alternatively, Plaintiffs may appear at the Case Management Conference by telephone~~.

DATED: _2/27_____, 2018

_Kandis Westmore_
UNITED STATES MAGISTRATE JUDGE

3

1 **ATTESTATION CERTIFICATE**

In accord with the Northern District of California's Civil Local Rule 5-1, I attest that concurrence in the filing of this document has been obtained from each of the other signatories who are listed on the signature page.

Dated: February 27, 2018

By: _____/S/_____
George R. Nemiroff
Attorneys for Plaintiffs