Michele R. Stafford, Esq. (SBN 172509)
Matthew P. Minser, Esq. (SBN 296344)
SALTZMAN & JOHNSON LAW CORPORATION
1141 Harbor Bay Parkway, Suite 100
Alameda, California 94502
Telephone: (510) 906-4710
Email: mstafford@sjlawcorp.com
Email: mminser@sjlawcorp.com

Attorneys for Plaintiffs, Operating Engineers' Health
and Welfare Trust Fund For Northern California, et al.

David Johnston (SBN 71367)
Attorney at Law
1600 G Street, Suite 102
Modesto, California 95354
Telephone: (209) 579-1150
Facsimile: (209) 579-9420
Email: david@johnstonbusinesslaw.com

Attorneys for Defendant Central Valley Construction

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPERATING ENGINEERS' HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CENTRAL VALLEY CONSTRUCTION, a California corporation; <br><br> Defendant. | Case No.: 17-cv-02365-KAW <br><br> **STIPULATION TO CONTINUE MEDIATION DEADLINE; [PROPOSED] ORDER THEREON** <br><br> Magistrate Judge: Kandis A. Westmore |

The parties in the above-titled action hereby stipulate and respectfully request that the mediation deadline, currently scheduled for September 28, 2018, be continued for approximately forty-five (45) days. Good cause exists for the granting of a continuance, as follows:

1. As the Court's records will reflect, on July 12, 2017, the parties in this matter filed a Stipulation agreeing to participate in mediation (Dkt. #13).

1
STIPULATION TO CONTINUE MEDIATION DEADLINE; [PROPOSED] ORDER THEREON

2. On July 17, 2017, the Court issued an Order ("Order") referring this matter to mediation (Dkt. #14). Pursuant to the Order, the deadline for the parties to complete mediation was October 11, 2017.

3. On August 15, 2017, the Court issued a Notice appointing Geoffrey White as mediator (Dkt. #17).

4. On August 28, 2017, the parties participated in a pre-mediation conference call with Mr. White whereby the participants concluded that a mediation date would be set after the parties had a further opportunity to meet and confer.

5. Thereafter, the Defendant contacted Plaintiffs' Auditor and scheduled an audit appointment for October 26, 2017. The Defendant provided Plaintiffs' Auditor with some documentation necessary to conduct the audit.

6. Plaintiffs requested additional documentation that they allege is necessary to complete the audit. Specifically, Plaintiffs allege that the Defendant has failed to provide its cash disbursements journal (or equivalent records) to Plaintiffs' Auditor. This is standard documentation required for compliance with payroll audits for ERISA Trust Funds. Plaintiffs' Counsel has detailed to Defendant's Counsel what equivalent alternative documents can be provided. Nevertheless, the requested records still remain outstanding.

7. Plaintiffs issued discovery to Defendant's Counsel on or about May 22, 2018. The discovery requested information that would ordinarily be disclosed by an employer's cash disbursements journal. No response to the discovery was received.

8. Plaintiffs thereafter issued a detailed Meet and Confer letter to Defendant's Counsel on or about August 2, 2018. The discovery responses remain outstanding and no additional information has been produced by Defendant. In response to the Meet and Confer letter, Defendant's Counsel only responded that he would forward the letter to his client. Plaintiffs also demanded that Defendant's Counsel provide his availability for a Meet and Confer telephone conference pursuant to Judge Westmore's Standing Order. No availability was provided.

9. Plaintiffs have now demanded that a Meet and Confer pursuant to Judge Westmore's Standing Order take place telephonically on October 10, 2018 at 10:00 a.m. If the

2
STIPULATION TO CONTINUE MEDIATION DEADLINE; [PROPOSED] ORDER THEREON
P:\CLIENTS\OE3CL\Central Valley Construction\Pleadings\Word Versions\Stipulation To Continue Mediation Deadline_92618.doc    Case No.: C17-02365KAW

Meet and Confer is not successful, Plaintiffs' Counsel will demand Defendant's Counsel's participation in the filing of a Joint Discovery Letter Brief to occur within 14 days after the Meet and Confer call.

10. Plaintiffs allege that a fruitful mediation session cannot take place until Defendant responds to Plaintiffs' discovery, or informally produces the records requests by Plaintiffs' Counsel and Auditor. **Plaintiffs' Counsel alleges that this dispute likely could not be resolved during mediation since it requires the physical production of documents and detailed review of the documents by Plaintiffs' Auditor thereafter**. Plaintiffs allege that the Parties will be in the best position to mediate (and will best utilize the mediator's donated time) once Plaintiffs' Auditor has the information necessary to generate an audit report, and meaningful discussions can be had regarding the report itself (and any dispute thereto), and/or the amounts due therein.

11. Defendant's counsel alleges that Defendant provided hundreds of pages of bank statements and paid checks to Plaintiffs' counsel to be delivered to the auditor and Defendant is gathering additional documents requested by the audit, none of which involve the three employees utilized on the particular job in issue. Defendant's counsel has been out of his office due to the serious medical condition of his wife and assisting his brother in a regimen of chemotherapy and radiation for Stage 4 esophageal cancer.

12. Accordingly, the Parties contend that there is nothing to mediate at the current time and the parties therefore request an extension of the mediation deadline to allow the Parties to Meet and Confer telephonically, as demanded by Plaintiffs' Counsel, to occur on October 10, 2018, and to allow time for the filing of a Joint Discovery Letter Brief, to occur within 14 days after the Meet and Confer call.

///
///
///
///
///
///

1     13.     Therefore, the parties hereby stipulate and respectfully request that the mediation deadline, currently set for September 28, 2018, be continued for approximately forty-five 45 days to allow resolution of the outstanding discovery dispute prior to attending mediation.

Dated: September 26, 2018            SALTZMAN & JOHNSON LAW CORPORATION

                                        By:    /S/
                                                  Matthew P. Minser, Esq.
                                                  Attorneys for Plaintiffs Health and Welfare Trust
                                                Fund for Northern California et. al

Dated: September 26, 2018

                                         By: /S/ David C. Johnson
                                                David C. Johnston
                                                Attorney for Defendant Central Valley
                                                Construction

IT IS SO ORDERED.

    Based on the foregoing, and GOOD CAUSE APPEARING, the currently set mediation deadline is hereby continued to   11/13/18  , and all related deadlines are extended accordingly.

Date:   9/26/18                                             /s/ Kandis Westmore
                                                JUDGE KANDIS A. WESTMORE
                                                UNITED STATES MAGISTRATE JUDGE

**ATTESTATION CERTIFICATE**

    In accord with the Northern District of California's Civil Local Rule 5-1, I attest that concurrence in the filing of this document has been obtained from each of the other signatories who are listed on the signature page.

Dated: September 26, 2018

                                         By:    /S/
                                                Matthew P. Minser, Esq.
                                                Attorneys for Plaintiffs