1  Michele R. Stafford, Esq. (SBN 172509)
   Matthew P. Minser, Esq. (SBN 296344)
2  SALTZMAN & JOHNSON LAW CORPORATION
   1141 Harbor Bay Parkway, Suite 100
3  Alameda, California 94502
   Telephone: (510) 906-4710
4  Email: mstafford@sjlawcorp.com
   Email: mminser@sjlawcorp.com
5
6  Attorneys for Plaintiffs, Operating Engineers' Health
   and Welfare Trust Fund For Northern California, et al.

7  David Johnston (SBN 71367)
   Attorney at Law
8  1600 G Street, Suite 102
   Modesto, California 95354
9  Telephone: (209) 579-1150
   Facsimile: (209) 579-9420
10 Email: david@johnstonbusinesslaw.com

11 Attorneys for Defendant Central Valley Construction

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| OPERATING ENGINEERS' HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CENTRAL VALLEY CONSTRUCTION, INC., a California corporation; <br><br> Defendant. | Case No.: 17-cv-02365-KAW <br><br> **JOINT REQUEST TO CONTINUE CASE MANAGEMENT; [PROPOSED] ORDER THEREON AS MODIFIED** <br> Date: Tuesday, March 19, 2019 <br> Time: 1:30 p.m. <br> Ctrm: 4, Third Floor <br> 1301 Clay Street <br> Oakland, California <br> Judge: Hon. Magistrate Judge <br> Kandis A. Westmore |
|---|---|

Plaintiffs Operating Engineers' Health and Wealth Trust Fund, et al. and Defendant Central Valley Construction, Inc. (collectively, "the Parties") respectfully request that the Case Management Conference, currently on calendar for March 19, 2019, be continued for approximately sixty to ninety (60-90) days. Good cause exists for the granting of the continuance, as follows:

1.  As the Court's records will reflect, this action was filed on April 26, 2017 (Dkt. #1).

Defendant was personally served on May 4, 2017, and a Proof of Service of Summons was filed with the Court on May 25, 2017 [Dkt. #9.] Defendant retained counsel and counsel for Defendant filed an Answer to Complaint [Dkt. #8.]

2. On July 17, 2017, the Court issued an Order ("Order") referring this matter to mediation [Dkt. #14.]

3. On August 15, 2017, the Court issued a Notice appointing Geoffrey White as mediator [Dkt. #17.]

4. On August 28, 2017, the parties participated in a pre-mediation conference call with Mr. White whereby the participants concluded that a mediation date would be set after the parities had a further opportunity to meet and confer.

5. Thereafter, the Defendant contacted Plaintiffs' Auditor and scheduled an audit appointment for October 26, 2017. The Defendant provided Plaintiffs' Auditor with some documentation necessary to conduct the audit.

6. Plaintiffs requested additional documentation that they allege is necessary to complete the audit. Specifically, Plaintiffs allege that the Defendant has failed to provide its cash disbursements journal (or equivalent records) to Plaintiffs' Auditor. This is standard documentation required for compliance with payroll audits for ERISA Trust Funds. Plaintiffs' Counsel has detailed to Defendant's Counsel what equivalent alternative documents can be provided. Nevertheless, the requested records still remain outstanding.

7. Plaintiffs issued discovery to Defendant's Counsel on or about May 22, 2018. The discovery requested information that would ordinarily be disclosed by an employer's cash disbursements journal. No response to the discovery was received.

8. Plaintiffs thereafter issued a detailed Meet and Confer letter to Defendant's Counsel on or about August 2, 2018. The discovery responses remain outstanding and no additional information has been produced by Defendant. In response to the Meet and Confer letter, Defendant's Counsel only responded that he would forward the letter to his client. Plaintiffs also demanded that Defendant's Counsel provide his availability for a Meet and Confer telephone conference pursuant to Judge

2

JOINT REQUEST TO CONTINUE
CASE MANAGEMENT CONFERENCE; [PROPOSED] ORDER THEREON
C:\Users\kawlc1\AppData\Local\Temp\notes06E812\~7942576.docx
Case No.: 17-cv-02365-KAW

Westmore's Standing Order. No availability was provided.

9. Plaintiffs demanded that a Meet and Confer pursuant to Judge Westmore's Standing Order take place telephonically in October 2018. The Meet and Confer call did then take place. During the call, Defendant's Counsel stated that he would work with his client to attempt to provide responses to the outstanding discovery. Plaintiffs' Counsel agreed to give Defendant's Counsel some time, but stated that a Letter Brief would ultimately need to be filed if Defendant continued to not comply with the propounded discovery.

10. A Joint Discovery Letter Brief was filed on December 11, 2018 (Dkt. # 33). The Court issued an Order on the Joint Discovery Letter Brief on December 20, 2018 (Dkt. #35). The Court's Order required that Defendant produce responses to Plaintiffs' discovery by January 10, 2019 (the Order states 2018 rather than 2019).

11. To date, no discovery responses have been received by Plaintiffs' Counsel. Plaintiffs are in the process of preparing a Motion to Compel. Plaintiffs anticipate their Motion to Compel will be on file with the Court by April 1, 2019.

12. Defendant's counsel alleges that Defendant provided hundreds of pages of bank statements and paid checks to Plaintiffs' counsel to be delivered to the auditor and Defendant is gathering additional documents requested by the audit, none of which involve the three employees utilized on the particular job in issue. Defendant's counsel has been out of his office due to the serious medical condition of his wife and assisting his brother in a regimen of chemotherapy and radiation for Stage 4 esophageal cancer.

13. Defendant's attorney reports that his wife has been in the hospital and nursing home since January 7, 2019 and had been in and out of the hospital for several months before this continuous hospitalization. He further reports that his 97 year old father was hit by a car in late October and has been on hospitals and a rehabilitation facility since then. He has been in the critical care unit in the hospital on Stockton with pneumonia and sepsis since March 3, 2019

14. Plaintiffs contend that the discovery dispute must be resolved before the matter can move forward. Once the discovery dispute has been resolved, and Plaintiffs' Auditor confirms that the

3

JOINT REQUEST TO CONTINUE
CASE MANAGEMENT CONFERENCE; [PROPOSED] ORDER THEREON
Case No.: 17-cv-02365-KAW

C:\Users\kawlc1\AppData\Local\Temp\notes06E812\~7942576.docx

documents needed to complete the audit have been provided, the Parties intend to go to mediation regarding any dispute of the audit report itself and the amounts owed to the Plaintiffs. Therefore, the Parties request that the deadline to complete mediation be continued to June 15, 2019.

15. As Plaintiffs intend to file their Motion to Compel by April 1, 2019, there are no issues that need to be addressed by the parties at the currently scheduled Case Management Conference. In the interest of conserving costs, as well as the Court's time and resources, the Parties respectfully request that the upcoming Case Management Conference be continued for approximately sixty to ninety (60-90) days, or until after the mediation has taken place, to allow sufficient time to attempt to resolve the matter.

Executed this 12th day of March 2019

SALTZMAN & JOHNSON LAW CORPORATION

By: _____/S/_____
Matthew P. Minser
Attorneys for Plaintiffs, Operating Engineers' Health and Welfare Trust Fund For Northern California, et al.

DAVID C. JOHNSTON, ATTORNEY AT LAW

_____/S/_____
David C. Johnston
Attorney for Defendant, Central Valley Construction

## ORDER **AS MODIFIED**

The currently set Case Management Conference is hereby continued to <u>July 9, 2019</u> at <u>1:30 p.m.,</u> <u>with the joint case management statement due by July 2, 2019,</u> and all previously set deadlines and dates related to this case are continued accordingly. The deadline for the Parties to complete mediation is hereby continued to <u>June 17, 2019</u>. **Defendant is ordered to supplement its discovery responses and produce all responsive documents within 21 days of this order. The parties are reminded that the undersigned does not entertain motions to compel.**

IT IS SO ORDERED.

DATED: March 13, 2019

_____Kandis Westmore_____
UNITED STATES MAGISTRATE JUDGE

4

**ATTESTATION CERTIFICATE**

In accord with the Northern District of California's Civil Local Rule 5-1, I attest that concurrence in the filing of this document has been obtained from each of the other signatories who are listed on the signature page.

Dated: March 12, 2019

By: _____/S/_____
Matthew P. Minser
Attorneys for Plaintiffs