# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPERATING ENGINEERS' HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CENTRAL VALLEY CONSTRUCTION,<br><br>Defendant. | Case No. 4:17-cv-02365-KAW<br><br>**ORDER DENYING MOTION FOR SANCTIONS; ORDER CONTINUING CASE MANAGEMENT CONFERENCE TO 8/6/19**<br><br>Re: Dkt. No. 43 |

On June 14, 2019, Plaintiffs filed a motion for sanctions against Defendant Central Valley Construction, Inc. for its failure to comply with the undersigned's December 20, 2018 and March 13, 2019 orders to respond to discovery responses and to produce certain documents needed by Plaintiffs to complete an audit. (Pls.' Mot., Dkt. No. 43 at 1-2.) Therein, Plaintiffs seek sanctions in the amount of attorneys' fees and costs attributed to discovery, which were incurred from August 2, 2018 to present, and total $4,457.50 in fees and $147.75 in costs. (Pl.'s Mot. at 9.)

Defendant did not timely file an opposition, so, on July 3, 2019, the Court issued an order to show cause why the motion should not be granted as unopposed. (Dkt. No. 50.) Defendant was ordered to file a response to the order to show cause and to file an opposition by July 10, 2019. *Id.* To date, Defendant has filed neither document. Per the undersigned's standing order, "[t]he failure of the opposing party to file a memorandum of points and authorities in opposition to any motion shall constitute consent to the granting of the motion." (Judge Westmore's General Standing Order ¶ 23.)

This provision, however, does not relieve Plaintiffs of their responsibility to comply with federal law and the civil local rules, because they still bear the burden of justifying the

reasonableness of the hours claims and the rates charged. *See Chalmers v. City of L.A.*, 796 F.2d 1205, 1210 (9th Cir. 1986). Indeed, "[t]he party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Further, pursuant to the civil local rules, when a party files a motion for sanctions to recover attorneys' fees and costs in connection with a discovery dispute, the motion must be accompanied by a declaration that "itemize[s] with particularity the otherwise unnecessary expenses, including attorney fees, directly caused by the alleged violation or breach, and set forth an appropriate justification for any attorney-fee hourly rate claimed." Civil L.R. 37-4(b)(3).

In support of their motion, Plaintiffs' counsel Matthew P. Minser supplied a supporting declaration that did not attempt to itemize the attorneys' fees or justify the claimed hourly rates. (Decl. of Matthew P. Minser, "Minser Decl.," Dkt. No. 45 ¶ 15.) Instead, the supporting declaration only provides the hourly rates for an unnamed paralegal, an unnamed associate attorney, and an unnamed shareholder of the firm, as well as the total amount of attorneys' fees and costs purportedly incurred from August 2, 2018 to present. (Minser Decl. ¶ 13.) And, while it states that 7.8 hours were spent researching and preparing the instant motion, it does not provide the total number of hours billed since August 2, 2018. *See id.*

Absent this critical information, the Court cannot find reasonable the hourly rates or the number of hours billed. *See eADGEAR, Inc. v. Liu*, No. CV-11-5398 JCS, 2012 WL 2367805, at *20 (N.D. Cal. June 21, 2012) (recommending the denial of attorney's fees where counsel failed to provide time sheets or affidavits in support of their request). The Court is also under no obligation to request the information necessary to grant the requested relief.

//
//
//
//
//
//

2

Accordingly, the Court DENIES Plaintiffs' motion for sanctions. The August 1, 2019 case management conference is continued to Tuesday, August 6, 2019 at 1:30 p.m. Additionally, considering the parties' prior representation of defense counsel's unfortunate circumstances (Dkt. No. 51), defense counsel should be prepared to address whether he is able to provide continued representation at the case management conference.

IT IS SO ORDERED.

Dated: July 17, 2019

KANDIS A. WESTMORE
United States Magistrate Judge