UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPERATING ENGINEERS' HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CENTRAL VALLEY CONSTRUCTION,<br><br>Defendant. | Case No. 4:17-cv-02365-KAW<br><br>**SECOND ORDER TO SHOW CAUSE**<br><br>Re: Dkt. Nos. 56, 59, 62 |

On August 27, 2019, the Court held a case management conference, where Defendant did not appear. On August 29, 2019, the Court issued an order to show cause to defense counsel, David Johnston, to respond by no later than September 9, 2019, why he should not pay monetary sanctions in the amount of $500 for his failure to appear at the case management conference. (Order to Show Cause, "OSC," Dkt. No. 62.) Mr. Johnston was also ordered to address whether he was able to provide continued representation given the personal hardships that he is currently undergoing. *Id.* at 1. To date, Mr. Johnson has not filed a response to the order to show cause.

On August 27, 2019, Plaintiffs filed a motion for sanctions. (Dkt. No. 56.) Pursuant to Civil Local Rule 7-3(a), Defendant's opposition was due 14 days after the motion was filed, which was September 10, 2019. To date, Defendant has not filed an opposition or statement of non-opposition. Pursuant to the undersigned's standing order, "[t]he failure of the opposing party to file a memorandum of points and authorities in opposition to any motion shall constitute consent to the granting of the motion." (Judge Westmore's General Standing Order ¶ 23.)

Accordingly, Mr. Johnson is ordered, on or before **October 15, 2019** 1) to file an opposition or statement of non-opposition to the pending motion, and 2) to file a response to this

second order to show cause explaining why the opposition was not timely filed, why the motion for sanctions should not be granted as unopposed and sanctions be paid by him personally instead of by his client, why the Court should not impose sanctions of $1000.00 on him personally for failing to appear at the case management conference, and whether he is able to continue representing his client. In light of these failures by counsel, he shall also explain why he should not be referred to the State Bar of California and/or the Northern District's Standing Committee on Professional Conduct. Should an opposition be filed, Plaintiffs may file a reply on or before October 22, 2019.

The Court understands that personal obligations can negatively impact an attorney's ability to manage their case load. That, however, does not relieve the attorney of their responsibility of keeping the court, opposing counsel, and their client informed of the circumstances, and may require that counsel withdraw from representation rather than abandon their client. The Court is concerned that abandonment is occurring, which is why the undersigned is issuing this second order to show cause. That said, the failure to respond to this second order to show cause will result in the imposition of sanctions.

Finally, the hearing on Plaintiffs' motion for sanctions and the hearing on the orders to show cause are continued to November 7, 2019 at 1:30 p.m. in Courtroom 4, 1301 Clay Street, Oakland, California.

IT IS SO ORDERED.

Dated: September 30, 2019

KANDIS A. WESTMORE
United States Magistrate Judge