UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPERATING ENGINEERS' HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CENTRAL VALLEY CONSTRUCTION,<br><br>Defendant. | Case No. 4:17-cv-02365-KAW<br><br>**ORDER GRANTING MOTION FOR SANCTIONS**<br><br>Re: Dkt. No. 56 |

On August 27, 2019, Plaintiffs Operating Engineers' Health and Wealth Trust Fund, et al. filed a motion for sanctions against Defendant Central Valley Construction for failure to comply with Federal Rule of Civil Procedure 37.

On December 5, 2019, the Court held a hearing, and after careful consideration of the parties' arguments and the applicable legal authority, for the reasons set forth below, GRANTS Plaintiffs' motion for sanctions.

**I. BACKGROUND**

On April 26, 2017, Plaintiffs filed this ERISA action to compel Defendant to comply with an audit of its payroll records for the period from October 29, 2014 through the date of inspection. Defendant retained Counsel David C. Johnston and filed an answer to the complaint on May 25, 2017. (Dkt. No. 8.)

On July 17, 2017, the Court issued an order referring this case to mediation. (Dkt. No. 14.) On August 28, 2017, the parties participated in a pre-mediation conference call with mediator Geoffrey White, during which the participants concluded that a mediation date would be set after the parities had a further opportunity to meet and confer. (*See* Decl. of Michele R. Stafford,

"Stafford Decl.," Dkt. No. 58 ¶¶ 3-5.) Thereafter, Defendant contacted Plaintiffs' Auditor and scheduled an audit appointment for October 26, 2017. (Stafford Decl. ¶ 6.) Defendant provided Plaintiffs' Auditor with some of the documentation that was necessary to conduct the audit. *Id*.

Plaintiffs requested additional documentation that the auditors advised was necessary to complete the audit. (Stafford Decl. ¶ 7.) Specifically, Plaintiffs allege that the Defendant has failed to provide its cash disbursements journal (or equivalent records) to Plaintiffs' Auditor. *Id.* Plaintiffs' counsel has detailed to Defendant's counsel what equivalent alternative documents can be provided. *Id.*

On or about May 22, 2018, Plaintiffs propounded discovery on Defendant. (Stafford Decl. ¶ 8). The discovery requested information that would ordinarily be disclosed by an employer's cash disbursements journal. *Id*. No response to the discovery was received. *Id.* As such, Plaintiffs sent a detailed meet and confer letter to Mr. Johnston on or about August 2, 2018. (Stafford Decl. ¶ 9.) The discovery responses remain outstanding, and no additional information has been produced by Defendant. *Id*. In response to the meet and confer letter, Mr. Johnston responded that he would "forward the letter to his client." *Id*. Plaintiffs also demanded that Mr. Johnston provide his availability for a meet and confer telephone conference pursuant to Judge Westmore's Standing Order. *Id*. No availability was provided. *Id*.

Plaintiffs then demanded that a meet and confer take place telephonically in October 2018. (Stafford Decl. ¶ 10.) The meet and confer call occurred, and Mr. Johnston stated that he would work with his client to attempt to provide responses to the outstanding discovery. *Id*. Plaintiffs agreed to give Mr. Johnston additional time, but stated that a joint discovery letter brief would need to be filed if Defendant did not respond to the propounded discovery. *Id.*

A joint discovery letter was filed on December 11, 2018. (Dkt. No. 33.) On December 20, 2018, the Court issued an order requiring that Defendant produce responses by January 10, 2019.[1] (Dkt. No. 38; Stafford Decl. ¶ 11.)

On March 12, 2019, the parties filed a joint request to continue the case management

---

[1] The order erroneously stated that compliance was to occur in 2018 rather than in 2019.

2

1 conference set for March 19, 2019. (Dkt. No. 40; Stafford Decl. ¶ 12). Mr. Johnston alleged that Defendant provided hundreds of pages of bank statements and paid checks to Plaintiffs' counsel to be delivered to the Auditor and that Defendant is/was gathering additional documents requested by the audit. (Dkt. No. 40 at 3.) Mr. Johnston further noted that he has been out of his office due to the serious medical condition of his wife and assisting his brother in a regimen of chemotherapy and radiation for Stage 4 esophageal cancer. *Id.* As a result, Judge Westmore continued the March 19, 2019 Case Management Conference and ordered Defendant to provide its discovery responses and produce all responsive documents within 21 days of the March 13, 2019 order. (Dkt. No. 41 at 4.) Defendant again failed to provide any discovery responses and produce responsive documents by the April 3, 2019 deadline, and, to date, has not done so. (Stafford Decl. ¶ 13.)

On June 14, 2019, Plaintiffs filed a motion for sanctions. (Dkt. No. 43.) Defendant did not file an opposition or statement of non-opposition. On July 3, 2019, the Court issued an order to show cause requiring Defendant to file an opposition or statement of non-opposition, and to file a response to the order to show cause explaining why it did not file a timely opposition. (Dkt. No. 50.) Defendant failed to file an opposition, and did not file a response to the order to show cause.

On July 17, 2019, the Court denied Plaintiffs' motion for sanctions on grounds that Plaintiffs' declaration did not attempt to itemize the attorneys' fees or justify the claimed hourly rates. (Dkt. No. 52.)

On August 27, 2019, Plaintiffs filed a motion for sanctions based on Defendant's failure to comply with three prior court orders. (Pls.' Mot., Dkt. No. 56.)

Also on August 27, 2019, the Court held a case management conference, where Defendant did not appear. On August 29, 2019, the Court issued an order to show cause to defense counsel, David Johnston, to respond by no later than September 9, 2019, why he should not pay monetary sanctions in the amount of $500 for his failure to appear at the case management conference. (Dkt. No. 62.) Mr. Johnston was also ordered to address whether he was able to provide continued representation given the personal hardships that he was experiencing. *Id.* at 1. Mr. Johnston did not file a response to the order to show cause. (*See* Dkt. No. 63 at 1.)

Defendant did not file a timely opposition to the motion for sanctions, so the Court issued a

3

second order to show cause to Mr. Johnston on September 30, 2019 directing him

> 1) to file an opposition or statement of non-opposition to the pending motion [for sanctions], and
>
> 2) to file a response to this second order to show cause explaining why the opposition was not timely filed, why the motion for sanctions should not be granted as unopposed and sanctions be paid by him personally instead of by his client, why the Court should not impose sanctions of $1000.00 on him personally for failing to appear at the case management conference, and whether he is able to continue representing his client.

(Dkt. No. 63.) The Court acknowledged that "personal obligations can negatively impact an attorney's ability to manage their case load[,]" but that "does not relieve the attorney of their responsibility of keeping the court, opposing counsel, and their client informed of the circumstances, and may require that counsel withdraw from representation rather than abandon their client." *Id.* at 2.

On October 15, 2019, Defendant filed its opposition to the motion for sanctions, in which defense counsel represented that he expects to serve full and complete responses, without objection, by the November 7, 2019 hearing date. (*See* Def.'s Opp'n, Dkt. No. 65 at 2:5-7.) On October 22, 2019, Plaintiff filed a reply. (Pls.' Reply, Dkt. No. 68.)

On November 4, 2019, the Court continued the hearing date, and ordered the parties to meet and confer and file a joint status report on or before November 18, 2019 to inform the Court regarding the status of the promised production. (Dkt. No. 69.)

On November 18, 2019, the parties filed a joint status report to inform the Court that the discovery has not been produced due to Mr. Johnston's familial obligations and his own health issues, and that Defendant will be moving forward with new counsel. (11/18/19 Joint Status Report, Dkt. No. 70 at 1-2.)

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 37 allows the court to sanction a party that fails to obey a discovery order by:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

4

>  (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
>  (iii) striking pleadings in whole or in part;
>
>  (iv) staying further proceedings until the order is obeyed;
>
>  (v) dismissing the action or proceeding in whole or in part;
>
>  (vi) rendering a default judgment against the disobedient party; or
>
>  (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

A district court "has great latitude in imposing sanctions for discovery abuse." *Dahl v. City of Huntington Beach*, 84 F.3d 363, 367 (9th Cir. 1996); *Sloan v. Oakland Police Dep't*, 2005 WL 8156878, at \*3 (N.D. Cal. July 26, 2005) ("As indicated by the clear language of Rule 37, the above-listed orders are not intended to constitute an exhaustive list of the orders a judge may issue as sanctions."). However, any such sanction must be "just" in light of the particular circumstances of the case. *Ins. Corp. of Ireland v. Compagnie des Bauxites*, 456 U.S. 694, 707 (1982).

When choosing among possible sanctions, the Court should consider a sanction designed to: (1) penalize those whose conduct may be deemed to warrant such a sanction; (2) deter parties from engaging in the sanctioned conduct; (3) place the risk of an erroneous judgment on the party who wrongfully created the risk; and (4) restore a prejudiced party to the same position he or she would have been in absent the wrongdoing. *See Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976); *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983).

Rule 37 mandates the imposition of monetary sanctions on a party that fails to obey a discovery order, by requiring that the offending party "pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C); *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006) (citation and internal quotation marks omitted). "Willfulness, fault, or bad faith is not required for the imposition of monetary sanctions under Rule 37(b)(2)." *In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, 2012 WL

5372477, at *6 (N.D. Cal. Oct. 30, 2012).

### III. DISCUSSION

#### A. Motion for Sanctions

##### i. Sanctions are appropriate

Plaintiffs move for an award of sanctions under Rule 37 on the grounds that Defendant has failed to comply with three court orders requiring that responsive documents be produced. (*See* Pls.' Mot. at 7.)

In opposition, Defendant apologized to the Court for the delay, and stated that Mr. Johnston "expect[ed] to have full and complete responses, without objections, to the discovery responses signed and served on Plaintiffs' counsel" by November 7, 2019. (Def.'s Opp'n at 2.) This did not occur. (11/18/19 Joint Status Report at 1-2.) Defendant then attempts to argue the merits of the case, including that this case would not be in federal court if it did not involve a labor union. (Def.'s Opp'n at 3.) These arguments are irrelevant to the instant motion, which addresses Defendant's abject failure to comply with its discovery obligations.

The Court first ordered that Defendant provide responsive documents by January 10, 2019, so this discovery has been delinquent for almost one year. Mr. Johnston has been given multiple opportunities to provide these documents, and he has been unable to comply with multiple court orders mandating that production. That Mr. Johnston has experienced personal hardships over the past year and a half does not justify his noncompliance nor render an award of attorney's fees and costs unjust under Rule 37.

As a result, Plaintiffs' motion for sanctions is GRANTED.

##### ii. Amount of Attorneys' Fees and Costs

In making the motion, Plaintiffs seek $7,390.39 in attorneys' fees and costs incurred in their attempts to obtain responses to discovery since August 2, 2018, as well as the preparation of the instant motion for sanctions. (Pls.' Mot. at 10; Stafford Decl. ¶¶ 19-22.)

Defendant only objects to the amount of sanctions requested, because it is "far more than could ever be in issue in the case in chief and are[,] therefore[,] unreasonable. (Def.'s Opp'n at 2.) Defendant does not provide any legal authority in support of its position that the amount of

sanctions for failure to comply with discovery needs to be related to the potential recovery should Plaintiffs prevail in their lawsuit.

In reply, Plaintiffs contend that this is a misrepresentation, because Plaintiffs' Auditors have already identified $46,508.04 in unpaid contributions, and that amount may increase depending on the information that has been withheld. (Pls.' Reply at 3.)

a. Attorneys' Fees

Plaintiffs seek an award of $6,986.50 in attorneys' fees for 34.3 hours of work. (Pls.' Mot. at 10.) Plaintiffs submitted a declaration detailing time spent seeking the discovery at issue, as well as the time spent on the instant motion for sanctions. (Stafford Decl. ¶¶ 18-20.) The fees were incurred as follows:

| **Attorney Fees** | | | |
| --- | --- | --- | --- |
| Name | Hours | Rate | Amount |
| George R. Nemiroff | 9.5 | $230 | $2,185.00 |
| Matthew P. Minser | 10.3 | $230 | $2,369.00 |
| Luz E. Mendoza | 5.0 | $230 | $1,150.00 |
| | | Attorney Fees Total: | $5,704.00 |
| **Paralegal Fees** | | | |
| Name | Hours | Rate | Amount |
| Alicia Wood | 4.4 | $135 | $594.00 |
| Nargis Shaghasi | 5.1 | $135 | $688.50 |
| | | Paralegal Fees Total | $1,282.50 |
| | | **Total:** | $6,986.50 |

*See ids.*

The Court finds that the number of hours spent is reasonable with the exception of Mr. Minser's time spent on the first motion for sanctions, which was denied for failure to provide billing records. As a result, the Court deducts five hours of Mr. Minser's time or $1,150.00. The Court finds that the requested billing rates of $230 for attorneys[2] and $135 for paralegals are well within the range that courts have approved in similar cases. *See Bd. of Trs. of the Boilermaker Vacation Trust v. Skelly, Inc.*, 389 F. Supp. 2d 1222, 1227-28 (N.D. Cal. 2005) (finding hourly rates of $210 and $345 to be reasonable).

Accordingly, the Court awards $5,836.50 in attorneys' fees to Plaintiffs in connection with

---

[2] The Court notes that Plaintiffs are not attempting to recover any attorneys' fees for work performed by Michelle Stafford.

this motion.

### b. Costs

Plaintiffs seek an award of $403.89 in costs. (Pls.' Mot. at 10.) Plaintiffs claim that the costs incurred include the filing fee for the complaint, service of summons, courtesy copy delivery, and Lexis research. (Stafford Decl. ¶ 22.) The court filing fee alone is $400.00, so the Court assumes that the assertion that the costs incurred include the case filing fee and service of the summons and complaint was in error. After the hearing, Plaintiffs filed a supplemental declaration that clarified that the costs were for Lexis research and courtesy copy delivery. (Decl. of Luz E. Mendoza, Dkt. No. 72 ¶ 3.)

Thus, the Court finds the $403.89 in costs to be reasonable, and awards Plaintiffs that amount in connection with this motion.

### iii. Who should pay the sanctions.

Mr. Johnston did not address whether he should be required to personally pay the sanctions rather than his client, as required by the Court's September 30, 2019 order. (Dkt. No. 63 at 2.) Instead, Mr. Johnston's response to the second order to show cause was replete with excuses pertaining to how his law practice is run[3] and his personal hardships. (*See* Dkt. No. 64 at 2-4.)

At the hearing, Mr. Johnston took responsibility for his failure to produce the documents and delay the discovery of responsive information for more than one year, and agreed that he should be personally responsible for paying the award.

Accordingly, Mr. Johnston is ordered to personally pay the sanctions award, and may not pass on any of the expense to Defendant.

### B. Order to Show Cause

Finally, the September 30, 2019 order to show cause ordered Mr. Johnston to explain "why the Court should not impose sanctions of $1000.00 on him personally for failing to appear at the case management conference, and whether he is able to continue representing his client." (Dkt.

---

[3] That Mr. Johnston relies on his part-time secretary to open his mail and calendar his deadlines to his detriment, does not relieve him of the Court's electronic filing requirement contained in Civil Local Rule 5-1.

8

No. 63.) In his response, Mr. Johnston explained that he failed to appear at the August 27, 2019 case management conference, because it was not properly calendared, because he did not email the notice to his part-time secretary. (Dkt. No. 64 at 2.) Mr. Johnston did not address whether the Court should impose sanctions for his failure to appear nor did not he explain why he failed to respond to the first order to show cause. Mr. Johnston is solely responsible for representing his client, appearing at all scheduled hearings, and otherwise complying with court orders, and the myriad of excuses cited are not sufficient to preclude the imposition of sanctions.

Notwithstanding, given that Mr. Johnston has found new counsel for his client, and he expects to have a substitution of counsel filed by the end of the month. Thus, the Court declines to impose sanctions for his failure to appear and DISCHARGES the order to show cause.

## IV.    CONCLUSION

In light of the foregoing, the Court GRANTS Plaintiffs' motion for sanctions in the amount of $6,240.39. Attorney David C. Johnston shall pay the award personally, and is not permitted to pass on the costs to Defendant, who bore no responsibility for Mr. Johnston's conduct. Sanctions shall be paid directly to Plaintiffs within 60 days of this order.

Additionally, Defendant shall produce the documents as previously ordered within 30 days of this order.

Finally, the September 30, 2019 order to show is DISCHARGED.

IT IS SO ORDERED.

Dated: December 9, 2019

KANDIS A. WESTMORE
United States Magistrate Judge